UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KOHLER COMPANY,

              Plaintiffs,

      v.                                              Case No. 23-cv-0372-bhl

NULKA GROUP STOREFRONT ON
WWW.AMAZON.COM, et al,

              Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO SERVE LIMITED THIRD-PARTY DISCOVERY

      Plaintiff Kohler Company develops, manufactures, and sells residential and commercial home products under the Kohler® brand. (ECF No. 1 ¶10.) It also authorizes certain retailers to sell its products through approved channels. (*Id.* ¶11.) This case concerns Defendant Nulka Group's allegedly *unauthorized* resale of Kohler brand merchandise through an Amazon.com storefront. (ECF No. 4 at 3.) The complaint asserts claims for violations of the Lanham Act, common law trademark infringement, common law unfair competition, and tortious interference with contractual and business relationships against Nulka Group and 10 John Does. (ECF No. 1 ¶¶165-264.) Kohler reports that it named John Doe defendants because the identities of Nulka Group's operators are obscured by a complicated maze of corporate entities that Kohler has yet to penetrate. Kohler believes it will be able to name the heretofore unknown operators if permitted to issue limited third-party discovery and has moved for leave to serve expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1). Finding good cause, the Court will grant the motion.

### ANALYSIS

      "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "Although different standards exist for the evaluation of expedited discovery requests, district courts within this Circuit generally evaluate 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Dallas Buyers Club,*

*LLC v. Does 1-26*, No. 14-C-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014) (quoting *Ibarra v. City of Chicago*, 816 F.Supp.2d 541, 554 (N.D. Ill. 2011)). "This amounts to a requirement that the movant show good cause for the request." *Id.* And "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012) (citation omitted).

Kohler seeks permission to issue three pre-discovery subpoenas to third parties. (ECF No. 3.) The first will be sent to The UPS Store at W. Chapman Ave., #0018, (ECF No. 4-1 at 2), and seek the production of documents identifying persons with access to mailbox number 10 located at 1439 W. Chapman Ave., Orange, CA 92868, through which the John Does ship and receive products. (ECF No. 4 at 1, 4.) The second subpoena will be sent to Dakota Agent Services, LLC c/o Pacific Registered Agents, Inc. (ECF No. 4-2 at 2), and seek the production of documents identifying the persons (likely the John Does) who retained them for registered agent services. (ECF No. 4 at 6-7.) The third subpoena will be sent to Corp 95, LLC, (ECF No. 4-3 at 2), and seek the production of documents identifying the individuals (likely the John Does) who retained them for incorporation services. (ECF No. 4 at 6-7.) According to Kohler, all three subpoenas are necessary "because Defendants have repeatedly provided misleading information and attempted to evade identification, and the third parties may not have complete information about the identities of the individuals operating the Nulka Group Storefront." (*Id.* at 13.)

Under the circumstances, Kohler has demonstrated good cause to conduct limited, expedited discovery. This case cannot move forward unless the defendants' true identities are ascertained, and a subpoena appears to be the only means by which this might be accomplished. *See Ibarra*, 816 F.Supp.2d at 555 (granting motion to conduct limited discovery to allow plaintiff to identify John Doe defendants); *Malibu Media v. Doe*, No. 13-CV-545, 2013 U.S. Dist. LEXIS 82733, at *2 (E.D. Wis. June 12, 2013) (same). Additionally, Kohler's proposed subpoenas are narrowly tailored, and the company's interest in identifying potential trademark infringers outweighs any interest those infringers may have in illegally operating their business in anonymity. *See Venice PI, LLC v. Doe*, No. 1:17-CV-379-TLS-PRC, 2017 U.S. Dist. LEXIS 148780, at *3 (N.D. Ind. Sept. 14, 2017). On balance, then, the facts of this case warrant a grant of limited, expedited discovery for purposes of identifying the John Doe Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Kohler's Motion for Leave to Serve Limited Third-Party Discovery Prior to the Rule 26(f) Conference, (ECF No. 3.), is **GRANTED**. Kohler may serve the subpoenas filed at ECF Nos. 4-1, 4-2, and 4-3 upon The UPS Store W. Chapman Ave., #0018; Dakota Agent Services, LLC; and Corp 95, LLC.

Dated at Milwaukee, Wisconsin on March 23, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge